THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. ANGELO CARLINO, PLAINTIFF IN ERROR.

Argued September 13, 1923—Decided November 20, 1923.

A challenge to the array goes to the entire panel of jurors returned, while a challenge for bias or partiality of one or more jurors must be taken by challenge to the polls.

---

On error to the Supreme Court, whose opinion is reported in 98 N. J. L. 48.

For the plaintiff in error, *Egbert Rosecrans* and *William A. Dolan.*

For the defendant in error, *Theodore E. Dennis* (prosecutor of the pleas), *Lewis Van Blarcom, Michael Dunn* and *Sylvester C. Smith, Jr.*

PER CURIAM.

The defendant was convicted of murder in the first degree in the Sussex Oyer and Terminer, and sued out a writ of error to the Supreme Court, where the judgment was affirmed. He has now brought error here. One of the assignments of error in the Supreme Court brought up with the record is, that the trial court erred in overruling the several challenges interposed to the array of jurors upon various grounds, only one of which, we think, it necessary to deal with, namely, that concerning the challenge to the array for bias or partiality of twelve jurors on the panel of forty-eight served upon the defendant.

In *State* v. *Barker,* 68 *N. J. L.* 19, the question as to whether the presence of disqualified jurors on the panel was ground of challenge to the array, was considered but not decided. The Supreme Court there said that whether it was good ground was at least doubtful, saying it was stated in *Thomp. & M. Jur.* 115, § 139, that it is not a ground, and that the same thing is stated in *Rap. Crim. Pro.,* § 138; and, further, that if this is good ground for challenge to the array, the facts showing how disqualification arises must be set forth in the challenge. This requirement was met in the present case, counsel for defendant interposing a challenge to the array on the ground (among others) that out of the panel of forty-eight names served on the defendant, twelve of the jurors were disqualified as they sat upon the trial of Antonio Turco, who had been tried and convicted of murder growing out of the robbery in which the defendant was involved, and likewise indicted for the same murder.

The Supreme Court, in dealing with this question, said that it was urged that the jurors who sat in the Turco case

were not competent for the trial of the Carlino case, citing
*Stephens* v. *State,* 53 *N. J. L.* 245 (at *p.* 252), saying, also,
that it may be that the objection was good ground for chal-
lenge to the polls for favor, but that challenge to the whole
array was a very different thing from a challenge even to so
many as twelve jurors for favor.    This disallowance of the
challenge by the trial court was sustained.

In Stephens *v.* State a challenge to the array founded on
the fact that, in making up the jury list, the assistant clerk,
and not the clerk, officiated, was disallowed; but in that case,
on a challenge to the polls that a juror who sat in a previous
trial during the term, involving in substance a consideration
of the same testimony in its application to a similar offense
as that embraced in the trial then being had, was sustained.

Chief Justice Beasley, who wrote the opinion, remarked
that a juror having rendered a verdict is not qualified to sit
on a second trial for the same offense, nor can he resit upon
the same matter though between other parties; that the pith
and ground work of the rule is that a person who has passed
upon the effect of testimony with respect to the guilt or inno-
cence of another touching a particular offense, is not in such
a frame of mind that he can impartially retry the case.    It
is therefore apparent that these twelve jurors who sat on the
Turco case were disqualified to sit on the trial of Car-
lino, and could be excluded on proper objection.    And the
question is, Did their presence on the panel of forty-eight
names served constitute good ground for challenge to the
array?    We think not, and that such objection to them could
properly be made to the polls only for bias and partiality.

Blackstone says that challenges may be made in criminal,
for the very same reasons that they may be made in civil,
causes. 4 *Bl. Com.* 352. Also, that challenges to the array are
at once an exception to the *whole* panel in which the jury are
arrayed or set in order by the sheriff in his return; that chal-
lenges to the polls *in capita* are exceptions to particular
jurors, among which is *propter affectum* for suspicion of bias
or partiality, which may be either a principal challenge or
to the favor, a principal challenge being such as carries with

it *prima facie* evidence of suspicion, among which is that *he has formerly been a juror in the same cause.* 3 *Bl. Com.* 359, 363. Challenge to the array is when exception is taken to the whole number empaneled, and to the polls is when some one or more are excepted against as not indifferent. 1 *Chit. Crim. L.* \*533. By challenge to the array is meant an objection to all the jurors. 1 *Arch. Crim. Pl. & Pr. (8th ed.)* 512, *note.* To the same effect is 2 *Tidd Prac.* \*851. Challenges to the array are grounded on some objection, which, if well taken, vitiates the whole panel. *Thomp. Tr. (2d ed.),* § 31. To the same effect are *Prof. Jur. Tr.* (1877), § 148; *Brick. Sack. In. Jur. (3d ed.,* 1908), § 21. Thus it appears that the authorities are in entire harmony to the effect that a challenge to the array goes to the entire panel of jurors returned, while a challenge for bias or partiality of one or more jurors must be taken by challenge to the polls.

In all other respects we are satisfied with the reasoning expressed in the opinion delivered by Mr. Justice Swayze in the Supreme Court. The judgment herein will be affirmed, for the reasons given by him and for the reasons above expressed.

*For affirmance* — THE CHANCELLOR, PARKER, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, ACKERSON, VAN BUSKIRK, JJ. 9.

*For reversal*—None.